## No. 600
### THEODOR KUNDTZ CO. v. HARMON
Ohio Appeals, Eighth District, Cuyahoga County
No. 4280.    Decided July 2, 1923

This opinion has not been published except in Abstract

**EVIDENCE—(1) Admissibility of statements made shortly after accident by driver of automobile—(2) Non-cotemporaneous statements as part of res gestae—(3) No definite time can be set for determination of what is part of res gestae PRACTICE—(4) No error in refusing to charge on joint enterprise—(5) No error in stating that negligence of driver, not imputed to passenger—(6) Defective special charge—(7) As verdict sustained by some evidence reviewing court will not set it aside.**

SULLIVAN, J.

#### Epitomized Opinion

This was an action for neligence against the Theodor Kundtz Co. The plaintiff's daughter lived in Painesville and was employed in Cleveland. In order to go back and forth to work she drove a Ford car. On the day in question Pauline Harman took her mother and another woman along with her. Instead of driving the Ford car they drove a Winton sedan which belonged to the plaintiff's husband. While driving toward Cleveland, a driver of one of the defendant's cars drove upon the highway along which plaintiff and her daughter were traveling and in passing directly in front of the latter the collision occurred in which the plaintiff was injured. During the trial the court permitted the introduction of a statement or admission that it was his fault, made by the driver of the car, which was made about ten minutes after the accident happened. The court refused to give a special charge covering the question of a joint enterprise on the part of the plaintiff and her daughter, which latter was the driver of the car. The defendant also

claimed that the court erred in charging that the daughter's negligence, if any, in driving the car would not defeat the plaintiff's right of recovery. As the trial resulted in a verdict for the plaintiff in the sum of $20,000, defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That no error was committed in admitting evidence of admissions made by the agent shortly after the accident in view of the fact that said admissions were part of the res gestae, even though made subsequent to the accident itself.

2. Statements need not be strictly contemporaneous with the existing cause to be admissible in evidence as part of the res gestae, but may be made subsequent thereto.

3. No set or fixed limit of time can be laid down as a basis for determining what matter or admissions after an accident is part of the res getsae, but each case must depend upon its own circumstances.

4. As the evidence disclosed that no joint enterprise existed at the time the accident occurred, the court did not err in refusing to instruct the jury on this subject.

5. No error was committed in the court charging the jury that even though it found that the driver of the car in which the injured person was riding was guilty of negligence, that fact alone would not defeat recovery.

6. No error was committed by the court in refusing to give a charge to the jury which took into consideration distance of vehicles from a given intersection, but not speed.

7. A reviewing court will not reverse a case on the weight of the evidence where there is a sharp conflict in the evidence, provided there was some evidence upon all points necessary to sustain the verdict and judgment.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, etc., for Kundtz Co.; Wilkin, Cross & Daoust, for Harmon.